UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAINE GREENWOOD,

                Plaintiff,

    -against-

AMERICAN KENNEL CLUB, et al.,

                Defendants.

23-CV-10561 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated October 4, 2024, the Court transferred the claims asserted against all named defendants in Plaintiff's complaint to the United States District Court for the Middle District of North Carolina. The Court also granted Plaintiff 60 days' leave to file an amended complaint to assert any New York state law claims, arising from alleged events that occurred in 1995 in New York County, against any newly named individuals or defendants. On October 17, the Court received notification from the Middle District of North Carolina that it had received the transferred claims on October 15, 2024, and had opened a new civil action, with the docket number 24-CV-00857.

    On December 3, 2024, the Court received Plaintiff's motion for reconsideration, asking that the Court "allow Plaintiff's case to go forward in its entirety as filed in the Southern District of New York." (ECF 5, at 1.) Because the Court lacks jurisdiction of the transferred claims, the Court denies Plaintiff's motion. Should Plaintiff want to pursue relief in this court, regarding events that occurred in New York County, she may file an amended complaint within 30 days of the date of this order.

## DISCUSSION

    The transfer of a claims divests the transferor court of jurisdiction of those claims. *Drabik*

*v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction of the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

On October 4, 2024, the Court directed that all claims in this action, asserted against the named defendants, be transferred to the Middle District of North Carolina, and on October 17, 2024, the Middle District of North Carolina acknowledged receipt of the claims. Accordingly, this Court no longer has jurisdiction of the transferred claims. Because the Court no longer has jurisdiction of these claims, the Court denies Plaintiff's motion for reconsideration asking that the Court hear the case "in its entirety." (ECF 5, at 1.) Should Plaintiff want to continue to challenge the transfer of those claims, she must move in the transferee court.

As the time to file an amended complaint in this action has expired, the Court grants Plaintiff an additional 30 days' leave to file an amended complaint to assert her New York County claims.

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 5.) The Court grants Plaintiff an additional 30 days to file an amended complaint.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 9, 2024
        New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge