USDC SDNY DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                          :

ELAINE GREENWOOD, *individually and d.b.a.*  :
Logres Farm                                                :
                                                                          :
                                   Plaintiff,  :
                                                              :           1:23-cv-10516-GHW
                         -against-                     :
                                                             :                  <u>ORDER</u>
AMERICAN KENNEL CLUB,                 :
                                                                         :
                                   Defendant.  :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       Plaintiff, who is appearing *pro se*, brings this action against Defendant American Kennel Club. She brings state-law claims arising from an alleged sexual assault that occurred in 1995 in New York City. Dkt. No. 7 at 1. Plaintiff contends that her claims are timely under the New York State Adult Survivors Act ("ASA"), which "revived," for a one-year period, claims "alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense" as defined in Article 130 of the New York Penal Law. N.Y. C.P.L.R. § 214-j; *see* Dkt. No. 7 at 8 (alleging violations of New York Penal Law §§ 130.20, 130.35, 130.50, 130.52, and 130.66). The one-year period during which "potential claims . . . could be initiated" pursuant to the ASA ran "from November 24, 2022 through November 24, 2023." *Levin v. Sarah Lawrence Coll.*, No. 23-CV-10236 (LJL), 2024 WL 4026966, at *8 (S.D.N.Y. Sept. 3, 2024) (quotation omitted). Plaintiff commenced this action on November 22, 2023, within the one-year period prescribed by the ASA. Dkt. No. 1.

       By order dated May 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff has been granted permission

to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the court "must" order "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must also notify the Court in writing if her address changes. The Court may dismiss this action if Plaintiff fails to do so.

The Clerk of Court is directed to mail a copy of this order, together with an information package, to Plaintiff at 80 Denton Street, Columbus, North Carolina 28722. The Clerk of Court is further instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: February 5, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

2